## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON

**DANIEL LEE HALL, SR.,**

    **Movant,**

v.                                                             **Case No. 3:17-cv-03970**
                                                                       **Case No. 3:09-cr-00187**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 113), filed by Movant on September 11, 2017, while he was incarcerated at the Federal Correctional Complex in Petersburg, Virginia. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

*Movant's federal criminal conviction*

By Indictment filed on August 19, 2009, Movant was charged with three counts of using the United States Postal Service to mail threatening communications in violation of 18 U.S.C. § 876(c) (Counts One, Two, and Three); and one count of knowingly using intimidation and threats with the intent to hinder, delay and prevent individuals from communicating information regarding a federal offense to a law enforcement officer or

judge of the United States in violation of 18 U.S.C. § 1512(b)(3) (Count Four). (*United States v. Hall*, Case No. 3:09-cr-00187, ECF No. 1). On May 19, 2010, Movant entered a guilty plea to Count One of the Indictment charging him with mailing threatening communications. (*Id.*, ECF Nos. 30, 31, 33, and 34). The District Court sentenced Movant on August 31, 2010, to a 36-month term of incarceration to run consecutively to his undischarged State sentence. (*Id.*, ECF Nos. 48 and 51). The District Court also imposed a three-year term of supervised release and a $100 special assessment. (*Id.*)

Movant appealed his sentence to the United States Court of Appeals for the Fourth Circuit. (*Id.*, ECF No. 53). The United States moved to dismiss the appeal based upon the appellate waiver contained in the plea agreement. By Order entered on March 15, 2011, the Fourth Circuit dismissed Movant's appeal finding that Movant "knowingly and voluntarily waived his right to appeal and that the issue Hall seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights." (*Id.*, ECF No. 63 and 64).

### *Movant's first section 2255 motion*

On April 10, 2012, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Case No. 3:12-cv-1039, ECF No. 68). As grounds for relief, Movant asserted as follows: (1) Unknowing and involuntary guilty plea; (2) Ineffective assistance of counsel; (3) Improper use of an informer to convict; (4) Prosecutorial misconduct; (5) Prejudicial pre-trial publicity; and (5) Actual innocence. (*Id.*) By Proposed Findings and Recommendations entered on March 15, 2013, United States Magistrate Judge Cheryl A. Eifert recommended that Movant's section 2255 motion be denied. (*Id.*, ECF No. 86). By Memorandum Opinion and Order entered on May 31, 2013, United States District Judge John T. Copenhaver,

Jr., adopted Judge Eifert's recommendation and denied Movant's section 2255 motion. (*Id.*, ECF Nos. 89 and 90).

### *Movant's section 3582 motion*

On February 27, 2015, Movant filed a "Motion for Modification and/or Reconsideration of Sentence." (Case No. 3:09-cr-00187, ECF No. 91). Specifically, Movant requested that the Court "run his Federal sentence concurrent with his State time." (*Id.*) In support, Movant requested that the Court consider the "length of sentence already served, 2009-2014," and "the serious overcrowding of our prison systems." (*Id.*) By Order entered on March 4, 2015, the District Court denied Movant's Motion. (*Id.*, ECF No. 92).

### *Movant's second section 2255 motion*

On September 4, 2015, Movant, acting pro se, filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Case No. 3:15-cv-12947, ECF No. 95.) As grounds for relief, Movant alleged that the Federal Public Defender's Office acted with "deliberate indifference" and violated the attorney-client privilege. *Id.* Movant explained that the Federal Public Defender's Office "placed [his] life in imminent danger by sending a letter to [him] at Huttonsville Correction Center that had already [been] sent roughly two years before." (*Id.*, p. 4.) Movant states that the letter contained sensitive and confidential information. (*Id.*) Movant claimed that the letter was "copied, defaced, and sent to every DOC and BOP facility in order for [him] to be attacked and killed by DMI Blood gang members." (*Id.*) Movant complained that he is now "forced to seek special management in all facilities, which denies [him] the right to rehabilitation, job training, academics, and religious services." (*Id.*) Finally, Movant contended that the Federal Public Defender's Office

violated his right to privacy and the attorney-client privilege "by sending such delicate confidential information through the mail when it is known that prison officials open all incoming correspondences." (*Id.*, p. 5.) As relief, Movant requested that this Court "vacate or set aside his 36 month prison sentence due to his life being in imminent danger in the BOP." (*Id.*, p. 13.)

By Proposed Findings and Recommendation entered on September 17, 2015, United States Magistrate Judge R. Clarke VanDervort recommended that Movant's second section 2255 motion be denied as an unauthorized second or successive section 2255 motion. (*Id.*, ECF No. 97). By Memorandum Opinion and Order entered on October 16, 2015, Judge Copenhaver adopted Judge VanDervort's recommendation and dismissed Movant's second section 2255 motion. (*Id.*, ECF No. 99).

### *The instant section 2255 motion*

On September 11, 2017, Movant filed the instant section 2255 motion (ECF No. 104). The motion contains four claims concerning Movant's conditions of confinement. First, he alleges a claim of negligence by federal correctional officers during his transport from USP Atlanta to FCC Petersburg in May of 2017, following surgery and treatment for renal disease. (ECF No. 113 at 4, Ground One). The motion further alleges "abuse by federal officers" because unidentified "transportation staff" continue to place restraints around his kidneys causing extreme pain and bleeding. (*Id.* at 5, Ground Two). In Ground Three of Movant's motion, he contends that correctional officers and medical staff have been deliberately indifferent to his various medical needs. (*Id.* at 6-7, Ground Three). Finally, Movant claims that medical staff refuse to permit him to have needed surgery and are willfully placing his life at risk. (*Id.* at 8, Ground Four). Movant seeks immediate release from custody. (*Id.* at 12).

4

## ANALYSIS

The instant section 2255 motion must be dismissed for several reasons. First, this court lacks jurisdiction to review the instant motion because Movant previously filed an unsuccessful 2255 motion concerning his federal criminal judgment and he has not sought and received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive section 2255 motion. Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999).

To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the United States Court of Appeals for the Fourth Circuit Court for his successive motion.

Moreover, even if this court were able to exercise jurisdiction to review the instant motion, the claims contained therein concern Movant's conditions of confinement at various federal prisons in other states. Claims concerning an inmate's conditions of confinement are not proper for review in a section 2255 motion. Section 2255 was intended to provide a statutory procedure for collaterally attacking a criminal judgment

following a conviction in federal court and it was not intended to allow litigation concerning an inmate's conditions of confinement. *See, e.g., Fulton v. United States*, No. 1:11-cv-0801; 1:10-cr-0336, 2011 WL 1262166, *2 (N.D. Ga. Mar. 30, 2011) (§ 2255 is not available to challenge conditions of confinement); *Alvarado v. United States*, No. 08-cv-0631; 06-cr-1195, 2008 WL 5111326, *1 (S.D. Cal. Dec. 4, 2008) ("neither a motion pursuant to § 3582 nor a petition under § 2255 is the proper method of challenging conditions of confinement."); *Guidice v. United States*, 89-cv-1259, 1989 WL 80046, * 2 (E.D.N.Y. July 7, 1989) (citing *United States v. Huss*, 520 F.2d 698 (2d Cir. 1975).

Rather, claims concerning conditions of confinement must be raised in a civil rights action or, if the claim can be construed to be implicating the execution of the inmate's federal sentence, in a habeas corpus petition pursuant to 28 U.S.C. § 2241, both of which must be filed in the district court where the inmate is then incarcerated. Movant was not incarcerated within the Southern District of West Virginia at the time he filed the instant motion. Thus, this court lacks any jurisdiction to consider Movant's claims.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 113) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of

objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

May 29, 2018

Dwane L. Tinsley
United States Magistrate Judge